MARSHALL AND VAN CLEVE V. AMES.

**1. FAILURE OF PETITION TO SHOW CONSIDERATION.**

Where a party to a contract sues upon the contract as modified, without setting forth the consideration for the making of such modified contract: *Held*, that it is not error for the court to refuse the introduction of any testimony on the modified contract because the pleading did not set forth any consideration for the making of it.

**2. A CONTRACTOR IS BOUND BY THE STIPULATIONS AGREED UPON AND PLACED IN THE CONTRACT.**

Where a party enters into a contract to move a house and agrees to put it down on its foundation in a manner satisfactory to the architect of the contractee, and further agrees that the building, when completed on the foundation and ready for occupancy shall be to the satisfaction of the contractees: *Held*, that it was error for a court to charge the jury that the contractor could not recover on his part upon the contract, unless he has *substantially* complied with the terms and conditions of the contract. because the contractor having contracted to do the work to the *satisfaction* of the owner or of some third party, and if the parties have so contracted, they must be bound by the terms of the contract, for to hold otherwise is to change the contract.

ERROR to the Court of Common Pleas of Cuyahoga county.

Plaintiffs in error, A. B. Marshall and H. B. Van Cleve, were the owners of a vacant lot upon which they desired to place a house. A house having been offered to them, they, in conjunction with defendant in error, F. H. Ames, a house mover, examined the house in question, Ames assured them that he could move the house to their lot and place

it upon foundation without injury.   Relying upon this, they bought the house and made the contract with Ames, which is set out at length in the opinion of the court.   The house was moved by Ames, and placed upon the foundation, but not in the time limited in the contract, nor without injury, nor to the satisfaction of either of the plaintiffs in error, or their architect.   Of the nine hundred and ninety-seven ($997.50) dollars and fifty cents to be paid to Ames for doing the work, plaintiffs in error paid, as the work progressed, three hundred and seventeen ($317.00) dollars. Insisting that the contract had not been performed, they refused to pay him any further sum.   Thereupon he brought suit against them, ignoring the written contract and averring merely a contract to move the house for $997.50, and that after the original contract had been made, upon examination of the house, he found that it would be more difficult and expensive to move than he had thought, and, thereupon, notified plaintiffs in error that he would not carry out the contract unless it was modified, and that, thereupon they agreed to so modify the contract that he should only be bound to use due care and diligence in moving the house, but should not be responsible for the cracking of the walls of the house incident to moving the same under the circumstances.   Defendants answered, setting up the written contract, and denying satisfaction either of Van Cleve or of the architect, and denying either the alleged modification, also counterclaimed for damages.   On the trial, the court sustained the objection to any evidence as to modification of the contract, as it found that there was no consideration alleged for the modification.   The counterclaim for damages, above what would be necessary to satisfy any claim of the plaintiff, was withdrawn.   The court charged the jury "the plaintiff cannot recover on his part upon this contract, unless he has substantially complied with the terms and conditions of his contract.   Before he can maintain an action for damages, he must have substantially complied with the contract, and if he has failed to do this ; if he has failed to substantially comcomply with the requirements of the terms of this contract, as provided in the contract, in any respect, then your verdict should be for the defendants.   But, if he has substantially complied with the contract, and his failure to comply is only an incidental matter, which does not materially affect the subject matter of the contract, to wit: the house, which can be remedied, and which can be estimated in damages, if there has been injury to the defendants, which may be estimated in damages, why, I think, then the defendant would be entitled to recover the amount, less whatever damages the defendants may have sustained by reason of such failure on the part of plaintiff to comply with this contract.   It must be to the satisfaction of either Mr. Van Cleve, representing the defendants, or the architects representing them.   That satisfaction, or dissatisfaction on their part, must be in good faith, predicated on some substantial failure of plaintiff to perform his contract.   In my judgment, the effect and subject matter of this contract makes the rule, perhaps, somewhat different, where the possession of the property can be easily changed.   This house, in fact, belongs all the time to defendants.   They have possession of it. If the plaintiff has substantially complied with the terms of the contract, I think he has a right to recover, less any damages which the defendants have suffered by reason of his failure to comply, as I have said, in some of the particulars which do not go to substantially affect the subject matter of this contract."

To this charge of the court plaintiffs in error excepted and assigned this charge as error.   The jury returned a verdict for plaintiff of five

hundred and twenty-five ($525.00) dollars, and for defendants, on their counter claim, two hundred and eighty ($280.00) dollars, finding, therefore, for the plaintiff as assessing his damages as two hundred and forty-five ($245.00) dollars.

*White, Johnson, McCaslin & Cannon*, for plaintiffs in error, made the following points and cited the following authorities :

*Williams* v. *Chicago S. F. & C. R. Co.*, 112 Mo., 463, 489; 138 U. S. 192-3; *Roy* v. *Botteler*, 40 Mo., App., 213, 222; *Wright* v. *Myer*, (Tex. App.), 25 N. W.,1122, 1123; *R. R.* v. *March*, 114 U. S., 549, 552-3; *Hudson* v. *McCartney*, 33 Wis., 331, 332, 346; *Michael* v. *Wolf*, 136 Ill., 68, 71; *Michael* v. *Cavanaugh*, 38 Ia., 282, 292; *Ross* v. *McArthur*, 85 Ia., 203, 206; *Edwards* v. *Louisa Co.* (S. C. Ia.) 36 N. W., 656; *Wendt* v. *Vogel*, 87 Wis., 462, 465.

If work is to be done to the satisfaction of third persons workmen must prove satisfaction or excuse therefor.

*Martin* v. *Leggett*, 4 E. D., Smith, 225; *Phelan* v. *Mayor, etc.*, 24 J. & Sp., 523; *Beecher* v. *Schuback*, 4 Miss., 54, 56; *Hudson* v. *McCartney*, 33 Wis., 331, 342-5; *Bank* v. *Mayor*, 63 N. Y., 336, 339; *Wood* v. *Chicago S. F. R. Co.*, 39 Fed. R., 52, 53; *Lewis* v. *Chicago R. R.*, 49 Fed. R., 708, 709; *Ogden* v. *U. S.*, 60 Fed. R., 725; *Hanly* v. *Walker*, 79 Mich., 607, 614-15, 618; *Chapman* v. *Kansas*, 114 Mo., 542, 549; *Guthat* v. *Dow*, 95 Mich., 527; *Wendt* v. *Vogel*, 87 Wis., 462, 467.

If architect is dissatisfied, workmen cannot recover, unless there is fraud.

*McKenzie* v. *Conlan*, 55 N. J. L., 564, 566; *Byrne* v. *Sisters of Charity*, 45 N. J. L., 213, 216-19; *Chism* v. *Schepper*, 51 N. J. L., 1, 17; *Sanders* v. *Hutchinson*, 26 Ill. App., 633, 638; *Bournique* v. *Arnold*, 33 Ill. App., 303; *Barney* v. *Giles*, 120 Ill., 154, 160; *Railway Co.* v. *Bradbury*, 42 Minn., 222, 227; *Langdon* v. *Northfield*, 42 Minn., 464, 466; *Williams* v. *Chicago S. F. & C. R. Co.*, 112 Mo., 463, 493, 494-5; *Herrick* v. *Belknap Est.*, 27 Vt., 673, 680; *Hot Springs Railway Co.* v. *Maher*, 48 Ark., 522, 528; *Kuhlberg* v. *U. S.*, 97 U. S., 398.

Mistake must show bad faith.

*R. R. Co.* v. *March*, 114 U. S., 549, 551; *Kirtland* v. *Moore*, 40 N. J. Eq., 106, 114; *St. Joseph Iron Co.* v. *Halverson*, 48 Mo. App., 383, 392.

Rule of substantial compliance don't apply where work is to be done to the satisfaction of the architect.

*Hanley* v. *Walker*, 79 Mich., 607, 618-19; *Martus* v. *Houck*, 39 Mich., 431, 434-6.

What is substantial compliance?

*Elliott* v. *Caldwell*, 43 Minn., 357, 359-60; *Halpin* v. *Haney*, 33 Mo. App., 388, 393-4; *Martus* v. *Houck*, 39 Mich., 431, 434-436; *Hanley* v. *Walker*, 79 Mich., 607, 616-17.

When property on which work is done is not portable, the taking possession don't entitle workmen to value of work done.

*Hartupee* v. *City of Pittsburgh*, 97 Pa. St., 107, 118; *Bogarth* v. *Dudley*, 44 N. J. L., 304, 312; *Elliott* v. *Caldwell*, 43 Mo., 357, 359-60; *Hanley* v. *Walker*, 79 Mich., 607.

CALDWELL, J.

F. H. Ames entered into a contract with Marshall and Van Cleve to move for them a house, the house being situated on Wilson avenue, and they were to move it up Hawthorne avenue and locate it on Hawthorne avenue.

The following was the contract made between them:

" I hereby agree to move for A. B. Marshall and H. B. Van Cleve the frame house on Wilson avenue recently occupied by Edward Hotchkiss, through Wilson avenue to Hawthorne, and down Hawthorne to the lot adjoining the residence of H. B. Van Cleve, setting same upon the foundation satisfactory to the architects, Lehman & Smith, for the sum of nine hundred ninety-seven and 50-100 ($997.50) dollars.

" I further agree to put the house down on its foundation in as good condition as it is now, taking all risks of moving connected therewith, with the exception of the two outside chimneys, which shall be moved with the utmost care, but at the risk of A. B. Marshall and H. B. Van Cleve. It is further agreed by me that the building shall be off of its present location and in Wilson avenue not later than May 10, 1892, and the whole job done to the full satisfaction of the aforesaid A. B. Marshall and H. B. Van Cleve, the job to be paid for in cash when completed, but the money to be advanced as required for help in proportion as the work progresses; the work to be commenced Thursday, April 21, and pushed forward without interruption, aside from what may be necessary from the weather, to completion.

"F. H. AMES."

The controversy in this case, and the question on which the case comes to us on error, is the manner in which the judge below disposes of these two conditions of the contract: that it is to be on the foundation in a manner satisfactory to the architects of the contractee; next, that the building, when completed on the foundation and ready for occupancy, shall be to the satisfaction of Van Cleve and Marshall.

The plaintiff below, the mover, when he declared upon this contract in his petition, declared upon it as modified—that is, upon a modified contract—and the first error here complained of is that the petition did not set forth the consideration for the making of the modified contract, and that the court overruled a demurrer to the petition, and that that was error. Granting that to be true, the court refused any testimony on the modified contract, because the pleading did not set forth any consideration for the making of it; that there was no new consideration or valuable consideration for the making of the modified contract, and the court therefore at the trial ruled correctly, as we think. The court, in charging the jury, took this view of the contract, that before the mover could have an action for damages he must prove that he at least substantially complied with the contract, and if he has failed to do this, if he has failed to substantially comply with the terms of this contract, "then your verdict should be for the defendant." I might here say that the pleadings of the plaintiff below proceeded as though this had been an ordinary contract; as though there had been no agreement to do the work to the satisfaction of Van Cleve or of the architect, and the court followed the same line, and the whole matter was presented as though the owner was to accept when the contract was substantially complied with, and not the question whether Van Cleve and the architect were satisfied or not; but that if Ames had substantially complied with the contract, and his failure to comply was only incidental, it was an error which does not affect the contract, but only a loss which could be estimated in damages. Any injury to the defendant which may be estimated, I think, he would be entitled to recover for the loss, and whatever damages there may be by reason of the plaintiffs not complying with the contract. Then the court defines this word " satisfaction": "It must be to the satisfaction of Mr.

Marshall and VanCleve v. Ames.

Van Cleve, or it must be to the satisfaction of the architects representing him. That satisfaction or this satisfaction must be in good faith, predicated on some substantial failure of the plaintiff to perform his contract." It is claimed that it was error that the court there said that notwithstanding this contract was to be performed to the satisfaction of the parties, as it had been agreed between themselves as to the consideration, and I have gone over that point, as well as the other points of the contract, that nevertheless, if the party had substantially performed that contract, notwithstanding the fact that Van Cleve might be dissatisfied, and dissatisfied because plaintiff in error had not fully performed it; notwithstanding that, yet the mover might recover. The judge, in his charge, makes a distinction between the case where this court decided a few years ago, in *Wilber* v. *Bingham*, 2 Circuit Court Decisions, 262, which was this, that in this city a party took a contract for putting in a furnace, which furnace should be and should work to the satisfaction of the party who was to receive it. The party said the furnace did not work to his satisfaction, and suit was brought to recover the contract price of the furnace, and it was undertaken to be maintained before this court that if he had substantially complied with the contract, then the party must take the furnace, whether he was satisfied or not; but this court held otherwise, and held that if he was dissatisfied and had good cause to be dissatisfied, and acted in good faith in his dissatisfaction, then the contract could not be considered fulfilled. Now, the judge distinguishes between that case and a case where a man had a house to move, in that the house could not very well be taken back, and that there could not be a change of possession, and that hence there necessarily is a change, as here claimed, of the rule of law; that there should be a difference, and therefore that the rule should not be that there should be a. compliance with the contract to the satisfaction of the party, but that there should be a substantial compliance with what was to be done in the contract. Now, our own supreme court has spoken on this in the 42 Ohio St., 41, *Barrett* v. *Hart*. A chattel mortgage contained the following: "If the said party of the second part shall at any time deem himself in danger of losing said debt, or any part thereof, by delaying the collection thereof until the expiration of the time about limited for the payment thereof, * * * said party of the second part is hereby authorized to take possession of said goods * * * at any time, whenever found, either before or after the expiration of the time aforesaid."

The question there arose as to whether the party acted in good faith; whether that was sufficient, or must have reasonable cause to believe that he will lose said debt, and a number of cases were cited from different states, some of which held that there must also be good cause as well as good faith. Our supreme court says that it is not the rule in Ohio. The mortgagee should act in good faith, and his mind should be controlled by the facts arising under the making of it, in regard to the condition of the property mortgaged. So far as this case determines the law, it is exactly as the circuit court determined it in the third circuit court reports; that is, that the party is to be satisfied, and if he acts in good faith, then he is justified in his conclusion, and if he is acting in good faith and is dissatisfied, then he complies with the rule that governs in this case, and if the parties have so contracted, that is the contract, and to hold otherwise is to change the contract.

We think the court erred in his charge, and the party is entitled to have the case reversed and remanded for a new trial.

*White, Johnson, McCaslin & Cannon*, for Plaintiffs in Error.

*Arnold Green* and *M. H. Nason*, for Defendant in Error.